## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,     )
425 Third Street SW, Suite 800     )
Washington, DC 20024,     )
     )
       Plaintiff,     )
v.     )     Civil Action No.
     )
U.S. DEPARTMENT OF     )
HOMELAND SECURITY,     )
Office of the General Counsel     )
245 Murray Lane SW     )
Mailstop 0485     )
Washington, DC 20528,     )
     )
       Defendant.     )
_____)

## COMPLAINT

Plaintiff, Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      The U.S. Secret Service ("Secret Service") is a component of Defendant U.S. Department of Homeland Security.

6.      In pursuit of its mission of promoting government accountability, Judicial Watch regularly asks the Secret Service for records of VIP travel expenses.

7.      Beginning in September and continuing through November 2018, Plaintiff served multiple FOIA requests on the Secret Service for records of security costs and other travel-related expenses for the following twenty-four trips taken by President Donald J. Trump:

i.      Billings, Montana – September 7, 2018

Date of Request:           09/10/2018
FOIA Request Received:      11/13/2018
Determination Due:          12/12/2018
FOIA File No.:              20190111

ii.     Buffalo, New York – September 10, 2018

Date of Request:           09/13/2018
FOIA Request Received:      11/13/2018
Determination Due:          12/12/2018
FOIA File No.:              20190112

iii.    Las Vegas, Nevada – September 20, 2018

Date of Request:           09/24/2018

As of February 26, 2019, the agency has failed to acknowledge and/or respond to the request.

iv.     Bedminster, New Jersey – September 21-23, 2018

        Date of Request:                09/24/2018

        As of February 26, 2019, the agency has failed to acknowledge and/or respond to the request.

v.      Columbia, Missouri – September 21, 2018

        Date of Request:                9/24/2018

        As of February 26, 2019, the agency has failed to acknowledge and/or respond to the request.

vi.     Wheeling, West Virginia – September 29, 2018

        Date of Request:                10/01/2018

        As of February 26, 2019, the agency has failed to acknowledge and/or respond to the request.

vii.    Tennessee – October 1, 2018

        Date of Request:                10/02/2018
        FOIA Request Received:          11/13/2018
        Determination Due:              12/12/2018
        FOIA/File No.:                  20190116

viii.   Mississippi – 10/02/2018

        Date of Request:                10/03/2018
        FOIA Request Received:          11/13/2018
        Determination Due:              12/12/2018
        FOIA/File No.:                  20190117

ix.     Minnesota – October 4, 2018

        Date of Request:                10/05/2018
        FOIA Request Received:          11/13/2018
        Determination Due:              12/12/2018
        FOIA/File No.:                  20190118

x.      Topeka, Kansas – October 6, 2018

        Date of Request:            10/9/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              20190108

xi.     Iowa – October 9, 2018

        Date of Request:            10/10/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              20190119

xii.    Erie, Pennsylvania – October 10, 2018

        Date of Request:            10/11/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              201090120

xiii.   Ohio – October 12, 2018

        Date of Request:            10/15/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              20190110

xiv.    Missoula, Montana – October 18, 2018

        Date of Request:            10/19/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              20190109

xv.     Mesa, Arizona – October 19, 2018

        Date of Request:            10/22/2018
        FOIA Request Received:      11/13/2018
        Determination Due:          12/12/2018
        FOIA/File No.:              20190114

xvi.     Houston, Texas – October 23, 2018

        Date of Request:             10/23/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190121

xvii.    Wisconsin – October 24, 2018

        Date of Request:             10/25/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190122

xviii.   North Carolina – October 26, 2018

        Date of Request:             10/29/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190105

xix.     Illinois – October 27, 2018

        Date of Request:             10/29/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190123

xx.      Ft. Myers, Florida – October 31, 2018

        Date of Request:             11/01/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190124

xxi.     Columbia, Missouri – November 1, 2018

        Date of Request:             11/02/2018
        FOIA Request Received:    11/13/2018
        Determination Due:        12/12/2018
        FOIA/File No.:              20190126

xxii.    Huntington, West Virginia – November 2, 2018

Date of Request:                    11/05/2018

As of February 26, 2019, the agency has failed to acknowledge and/or respond to the request.

xxiii.   Indianapolis, Indiana – November 3, 2018

Date of Request:                    11/05/2018
FOIA Request Received:       11/19/2018
Determination Due:              12/18/2018
FOIA File No.:                       20190156

xxiv.   Montana – November 3, 2018

Date of Request:                    11/05/2018
FOIA Request Received:       11/19/2018
Determination Due:              12/18/2018
FOIA File No.:                       20190158

xxv.    Cape Girardeau, Missouri – November 5, 2018

Date of Request:                    11/06/2018
FOIA Request Received:       11/20/2018
Determination Due:              12/19/2018
FOIA File No.:                       20190159

xxvi.   Palm Beach, Florida – November 21-25, 2018

Date of Request:                    11/26/2018
FOIA Request Received:       12/12/2018
Determination Due:              01/11/2019
FOIA File No.:                       20190209

The requests were received by the Secret Service, and the Secret Service's determinations were due on the dates indicated.  The Secret Service has assigned the requests the FOIA/File numbers indicated.

8.      As of the date of this Complaint, the Secret Service has failed to: (i) determine whether to comply with each request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv)

produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests or demonstrate that the requested records are lawfully exempt from production.

11.     Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make determinations with respect to Plaintiff's requests within twenty (20) working days of receiving the request.  Accordingly, Defendant's determinations were due on or before the dates indicated in paragraph 7.  At a minimum, Defendant was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.     Because Defendant failed to make determinations with respect to Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 26, 2018

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
porfanedes@judicialwatch.org

*Counsel for Plaintiff*